UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

JANET PATERNO,

    Plaintiff,

v.

CELEBRITY CRUISES INC.,

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

    Plaintiff sues Defendant and alleges:

**PRELIMINARY ALLEGATIONS**

1. The Plaintiff, JANET PATERNO, is a citizen of New Jersey.

2. Defendant, CELEBRITY CRUISES INC. ("CELEBRITY") is a foreign corporation and has its principal place of business in Florida.

3. The matter in controversy exceeds, exclusive of interests and costs, the sum specified by 28 U.S.C. § 1332. In the alternative, if diversity jurisdiction does not apply, then this matter falls under the admiralty and maritime jurisdiction of this Court.

4. At all times material hereto, Defendant, personally or through an agent:

    a. Operated, conducted, engaged in or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

    b. Was engaged in substantial activity within this state;

    c. Operated vessels in the waters of this state;

    d.  Committed one or more of the acts stated in Florida Statutes, Sections 48.081, 48.181 or 48.193;

    e.  The acts of Defendant set out in this Complaint occurred in whole or in part in this county and/or state;

    f.  Defendant, as a common carrier, was engaged in the business of providing to the public and to Plaintiff in particular, for compensation, vacation cruises aboard the vessel *Celebrity Infinity*.

5. At all times material hereto, Defendant is subject to the jurisdiction of the Courts of this state.

6. At all times material hereto, the causes of action asserted in this Complaint arise under the general maritime law of the United States.

7. At all times material hereto, Defendant owned, operated, managed, maintained, controlled, and/or had exclusive custody of the *Celebrity Infinity* ("the vessel").

8. On or about August 29, 2019, Plaintiff was a paying passenger on the vessel, which was in navigable waters.

9. On or about August 29, 2019, the vessel was anchored off the coast of Kotor, Montenegro, and Defendant transported passengers between the vessel and Kotor, Montenegro.

10. At all times material hereto, Defendant owned, operated, managed, maintained and/or controlled the tender boat.

11. On or about August 29, 2019, passengers, including Plaintiff, were boarding the tender boat to be taken to Kotor Montenegro.

12. As the passengers, including Plaintiff, were boarding the tender boat, the tender boat was not steady, and it was moving in varying directions and at varying speeds due to the size of the

tender boat, the weather and/or the sea conditions.  However, Defendant was not providing adequate supervision and/or assistance to passengers boarding the tender boat under such conditions.

13. On or about August 29, 2019, Plaintiff was severely injured when suddenly she fell on hidden and/or unmarked step(s) and/or change in level during the transfer between the tender and the vessel.

14. The steps and/or stairs were the same and/or similar color as the flooring surface on the vessel, creating a deceiving and dangerous condition. The hidden and/or deceiving unmarked step(s) was not open and obvious and the Plaintiff had no way of knowing the existence of the hazardous condition.

## COUNT I – NEGLIGENT FAILURE TO WARN AGAINST DEFENDANT

Plaintiff re-alleges, adopts and incorporates by reference the allegations in paragraphs one (1) through fourteen (14) as though alleged originally herein.

15. At all times material hereto, it was the duty of Defendant to provide Plaintiff with reasonable care under the circumstances. Applicable to cruise ship tendering operations:

   a. "The extent to which the circumstances surrounding maritime travel are different from those encountered in daily life and involve more danger to the passenger, will determine how high a degree of care is reasonable in each case." Rainey v. Paquet Cruises, Inc. 709 F.2d 169 (2d Cir. 1983) ; and

   b. "The law is well settled that a carrier that contracts to take a passenger on a cruise stopping at a designated foreign port has a duty if the vessel anchors in that harbor to provide him with safe transportation, under adequate supervision, to and from the dock.  Because a passenger cruise ship entices people aboard with the

> promise of stopovers in exotic ports, the ship owner must see to those passengers' safe embarking and disembarking in each such port." Samulov v. Carnival Cruise Lines, Inc. 870 So.2d 853 (Fla. 3d DCA 2004).

16. At all times material hereto, it was the duty of Defendant to warn passengers (like Plaintiff) of dangers that were known, or reasonably should have been known, to Defendant in places where passengers (like Plaintiff) are invited to or may reasonably be expected to visit.

17. On or about August 29, 2019, the Plaintiff was on the gangway near the tender aboard Defendant's vessel, which is a place that Plaintiff was invited to by Defendant and a place Defendant reasonably expected Plaintiff to be in during the cruise.

18. On or about August 29, 2019, Defendant and/or its agents, servants and/or employees breached its duty to warn the Plaintiff through the following acts and/or omissions:

   a. Failure to warn the Plaintiff of the dangers of crossing the gangway between the tender and the cruise ship; and/or

   b. Failure to adequately warn the Plaintiff of the danger posed by the steps and/or change in level between the tender and the vessel; and/or

   c. Failure to warn passengers (including the Plaintiff) of the dangers aboard the tender; and/or

   d. Failure to warn passengers (including the Plaintiff) of sudden and/or unexpected movement aboard the tender; and/or

   e. Failure to warn the Plaintiff of the risks and/or dangers associated with the tendering process, including but not limited to unsteady tender and unmarked steps and/or changes in level so that they were readily apparent to the Plaintiff and other passengers and not hidden and/or camouflaged; and/or

  f. Failure to adequately warn the Plaintiff of other trip-and-fall accidents previously occurring on the same steps and/or change in level between the tender and the vessel; and/or

  g. Failure to warn passengers and the Plaintiff of other accidents during the transfer process between the tender and the vessel occurring in the same tendering process and/or similar tendering process.

19. The above acts and/or omissions caused and/or contributed to the Plaintiff being severely injured because Plaintiff would not have engaged in the unsupervised and hazardous tendering process had Defendant and/or its agents, servants and/or employees adequately warned and/or communicated the foregoing to the Plaintiff.

20. At all material times, Defendant had exclusive custody and control of the vessel, and/or the tender.

21. At all times material hereto, Defendant knew of the foregoing dangerous conditions causing the Plaintiff's incident and failed to correct and/or warn the Plaintiff about them, or the foregoing dangerous conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected and/or warned the Plaintiff about them.  Insofar as it relates to conditions that Defendant did not create, Defendant's knowledge was or should have been acquired through prior incident(s) and/or through its maintenance and/or inspections of the subject area.

22. As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical

handicap. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against Defendant and demands trial by jury.

## COUNT II – NEGLIGENT FAILURE TO MAINTAIN AGAINST DEFENDANT

Plaintiff re-alleges, adopts and incorporates by reference the allegations in paragraphs one (1) through fourteen (14) as though alleged originally herein.

23. At all times material hereto, it was the duty of Defendant to provide Plaintiff with reasonable care under the circumstances. Applicable to cruise ship tendering operations:

   a. "The extent to which the circumstances surrounding maritime travel are different from those encountered in daily life and involve more danger to the passenger, will determine how high a degree of care is reasonable in each case." Rainey v. Paquet Cruises, Inc. 709 F.2d 169 (2d Cir. 1983) ; and

   b. "The law is well settled that a carrier that contracts to take a passenger on a cruise stopping at a designated foreign port has a duty if the vessel anchors in that harbor to provide him with safe transportation, under adequate supervision, to and from the dock. Because a passenger cruise ship entices people aboard with the promise of stopovers in exotic ports, the ship owner must see to those passengers' safe embarking and disembarking in each such port." Samulov v. Carnival Cruise Lines, Inc. 870 So.2d 853 (Fla. 3d DCA 2004).

23.

24. At all times material hereto, it was the duty of Defendant to maintain deck fifteen in a reasonably safe condition.

25. On or about August 29, 2019, Defendant and/or its agents, servants and/or employees breached its duty through the following acts and/or omissions:

   a. Failure to adequately and regularly inspect the tendering area on the vessel to determine whether there is adequate signage of the change in level and/or step(s); and/or

   b. Failure to adequately inspect and/or maintain the subject steps in a reasonably safe condition, including, but not limited to, without trip-and-fall hazards; and/or

   c. Failure to promulgate and/or enforce adequate policies and procedures to inspect and/or maintain the subject steps in a reasonably safe condition.

26. The above acts and/or omissions caused and/or contributed to the Plaintiff being severely injured because Plaintiff's incident would not have occurred but for Defendant's failure to adequately inspect and/or maintain the subject area.

27. At all times material hereto, Defendant had exclusive custody and control of the vessel, and/or the tender.

23. At all times material hereto, Defendant knew of the foregoing dangerous conditions causing Plaintiff's incident and did not correct them, or the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them.  This knowledge was or should have been acquired through Defendant's maintenance and/or inspections of the tendering area on the vessel and/or through prior incidents involving passengers injured during the transfer process between

the tender and the vessel and/or Defendant's similar vessels using the same tendering process and similar tenders.

24. As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, and suffered physical handicap. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs. Further, the injuries resulting from his fall are permanent or continuing in nature and Plaintiff will suffer these losses and impairments into the future.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against Defendant and demands trial by jury.

### COUNT III – GENERAL NEGLIGENCE AGAINST DEFENDANT

Plaintiff re-alleges, adopts and incorporates by reference the allegations in paragraphs one (1) through fourteen (14) as though alleged originally herein.

25. At all times material hereto, it was the duty of Defendant to provide Plaintiff with reasonable care under the circumstances. Applicable to cruise ship tendering operations:

    a. "The extent to which the circumstances surrounding maritime travel are different from those encountered in daily life and involve more danger to the passenger, will determine how high a degree of care is reasonable in each case." Rainey v. Paquet Cruises, Inc. 709 F.2d 169 (2d Cir. 1983) ; and

    b. "The law is well settled that a carrier that contracts to take a passenger on a cruise stopping at a designated foreign port has a duty if the vessel anchors in that

harbor to provide him with safe transportation, under adequate supervision, to and from the dock.  Because a passenger cruise ship entices people aboard with the promise of stopovers in exotic ports, the ship owner must see to those passengers' safe embarking and disembarking in each such port." Samulov v. Carnival Cruise Lines, Inc. 870 So.2d 853 (Fla. 3d DCA 2004).

25.

26. On or about August 29, 2019, Defendant and/or its agents, servants and/or employees breached its duty to provide Plaintiff with reasonable care under the circumstances through the following acts and/or omissions:

   a. Failure to provide a safe means of access onto the tender from the vessel; and/or

   b. Failure to provide a safe means of disembarking the vessel; and/or

   c. Failure to adequately secure the tender while passengers and crewmembers are embarking/disembarking; and/or

   d. Failure to provide an adequate gangway between the tender and the vessel; and/or

   e. Failure to provide adequate assistance between the tender and the vessel; and/or

   f. Failure to promulgate and/or enforce adequate policies and procedures so as to provide a safe means of transferring from the vessel to the tender; and/or

   g. Failure to promulgate and/or enforce adequate policies and procedures so as to provide adequate assistance to passengers in transferring from the vessel to the tender; and/or

   h. Failure to provide adequate handrails and/or grips in the tender and/or around the transfer area between the tender and the vessel; and/or

   i. Failure to utilize devices to assist passengers and crewmembers to safely

embark/disembark the tender; and/or

j.  Failure to adequately control movement of passengers during the transfer between the tender and the vessel to limit movement to times when it was safe; and/or

k.  Conducting transfer of passengers from the vessel to the tender in rough seas; and/or

l.  Failure to provide an adequate number of crewmembers to assist passengers and other crewmembers in embarking/disembarking the tender; and/or

m.  Failure to instruct passengers and crewmembers on how to embark/disembark the tender in a safe manner; and/or

n.  Failure to properly train crewmembers with regard to embarking/disembarking the tender in a safe manner and/or safely transporting passengers from ship to shore; and/or

o.  Failure to properly supervise crewmembers with regard to embarking/disembarking the tender in a safe manner; and/or

p.  Failure to promulgate and/or enforce adequate policies and/or procedures with regard to having passengers and/or crewmembers safely embark/disembark the tender and/or safely transporting passengers from ship to shore; and/or

q.  Failure to utilize a reasonably safe flooring surface in light of the anticipated traffic on the steps and deck; and/or

r.  Failure to adequately mark the downward steps and/or changes in level so that they were readily apparent to the Plaintiff and other passengers and not hidden and/or camouflaged; and/or

s.  Failure to use contrasting flooring surfaces so as to make the change in level

and/or step(s) readily apparent to the Plaintiff and other passengers; and/or

t. Failure to promulgate and/or enforce adequate policies and procedures to ensure that passengers like the Plaintiff are warned of the danger posed by the steps and/or change in level; and/or

u. Failure to analyze prior trip-and-fall accidents aboard Defendant's vessels involving steps with the same or similar flooring surface and/or design as the subject steps so as to remedy such hazardous conditions; and/or

v. Failure to analyze prior trip-and-fall accidents aboard Defendant's vessels involving unmarked and/or hidden and/or camouflaged steps so as to remedy such hazardous conditions; and/or

w. Failure to correct hazardous conditions following prior trip-and-fall accidents on the same steps and/or deck; and/or

x. Failure to provide passengers like the Plaintiff with a reasonably safe stairway and/or walking surface and/or flooring surface; and/or

y. Failure to adequately inspect and/or maintain the subject steps in a reasonably safe condition, including, but not limited to, without trip-and-fall hazards; and/or

z. Failure to promulgate and/or enforce adequate policies and procedures to inspect and/or maintain the subject steps in a reasonably safe condition; and/or

aa. Failure to incorporate applicable standards, including the Americans with Disabilities Act (ADA), to changes in level open to passengers like the Plaintiff.

27. The above acts and/or omissions caused and/or contributed to the Plaintiff being severely injured because Plaintiff's incident would not have occurred but for such acts and/or omissions.

28. At all times material hereto, Defendant knew of the foregoing dangerous conditions causing Plaintiff's incident and did not correct them, or the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them.  This knowledge was or should have been acquired through Defendant's maintenance and/or inspections of the tendering area on the vessel and/or through prior incidents involving passengers injured during the transfer process between the tender and the vessel and/or Defendant's similar vessels using the same tendering process and similar tenders.

29. As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages and Plaintiff's working ability has been impaired.  The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future.  In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.  Further, the injuries resulting from her fall are permanent or continuing in nature and Plaintiff will suffer these losses and impairments into the future.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against Defendant and demands trial by jury.

    Respectfully submitted,

    LIPCON, MARGULIES,
    ALSINA & WINKLEMAN, P.A.
    *Attorneys for Plaintiff*
    One Biscayne Tower, Suite 1776
    2 S. Biscayne Boulevard
    Miami, Florida 33131

Telephone No.: (305) 373-3016
Facsimile No.: (305) 373-6204

By: */s/ Jason R. Margulies*
  **JASON R. MARGULIES**
  Florida Bar No. 57916
  jmargulies@lipcon.com
  **ANDREW S. FREEDMAN**
  Florida Bar No. 091087
  afreedman@lipcon.com
  **DANIEL W. GRAMMES**
  Florida Bar No. 1010507
  dgrammes@lipcon.com

L I P C O N ,   M A R G U L I E S ,   A L S I N A   &   W I N K L E M A N ,   P . A .